835 F.2d 1146
 45 Fair Empl.Prac.Cas. 984,
45 Empl. Prac. Dec. P 37,698
KENT COUNTY DEPUTY SHERIFFS' ASSOCIATION and Patricia A.
Musgrave, Plaintiffs-Appellees, Cross-Appellants,
v.
Philip J. HEFFRON, Individually and as Sheriff of Kent
County, Defendant-Appellant, Cross-Appellee.
 Nos. 86-1305, 86-1393.
 United States Court of Appeals,
Sixth Circuit.
 Dec. 21, 1987.
 
 Sheila A. Kinney, Clary, Nantz, Wood, Hoffius, Rankin & Cooper, Grand Rapids, Mich., Douglas W. VanEssen, Jack R. Clary, Grand Rapids, Mich., for defendant-appellant, cross-appellee.
 Dan E. Hankins, Hankins & Associates, P.C., Okemos, Mich., Edith C. Harsh, Ronald J. Kollen, Okemos, Mich., for other plaintiffs-appellees, cross-appellants.
 Charles H. Noble, Sou Noble & Wiseman, Southfield, Mich., for Kent Co.
 ORDER DENYING PETITION FOR REHEARING
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 As noted in the petition for rehearing filed by defendant Heffron, we find that the court by inadvertence incorrectly set out that Deputy Connie Fisher was transferred from corrections to the road patrol, "only after Musgrave filed suit." (826 F.2d 1485, at 1489). In fact, Fisher was transferred prior to the filing of this litigation, and we wish to correct the record in this respect.
 
 
 2
 We deny the petition for rehearing, however, because we found sufficient evidence, albeit not strong evidence, to support the findings of the district court that defendant had changed the transfer policy in response to plaintiff's request for a transfer. This suffices to support an inference and the finding by the district court that defendant acted, at least in part, with a discriminatory motive and that this was enough to make out a prima facie case. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and U.S. Postal Service Board v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). There was sufficient proof also to find that the individual plaintiff carried her burden of proof regarding the transfer issue. We reiterate our finding that the district court did not abuse its discretion in granting an open road patrol position to Musgrave. We find no clear error in the court's conclusion that Musgrave was the most senior qualified person in her position who requested transfer to the road patrol at the pertinent time.
 
 
 3
 The petition for rehearing is DENIED.